UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SENIORS CIVIL LIBERTIES
ASSOCIATION, INC.,

    Plaintiff,

v.                                               CASE NO: 8:11-cv-745-T-23TGW

MORGAN STANLEY SMITH BARNEY,
LLC,

    Defendant.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) and alleges negligence, "conflict of interest," "misrepresentation," and "exploitation of the elderly". The defendant moves (Doc. 4) to dismiss, or for a more definite statement of, counts two, three, and four, and the plaintiff responds (Doc. 9) in opposition.

<u>Allegations of the Complaint</u>

The plaintiff is a tax-exempt, non-profit corporation[1] that invested with the defendant, a securities broker. On November 18, 2003, the defendant recommended as a "suitable" investment the plaintiff's purchasing $90,620.00 in bonds sold by Lehman Brothers Holdings, Inc ("Lehman Brothers"). The plaintiff decided to invest in the bonds. At the time of the investment, the plaintiff acted through the plaintiff's president, Franklin

---

[1] The plaintiff qualifies for tax-exempt status under 26 U.S.C. § 501(c)(3) ("Section 501(c)(3)").

J. Burr.  On September 18, 2008, Lehman Brothers petitioned for bankruptcy, which resulted in the plaintiff's losing $90,620.00.

In this action, the plaintiff claims that the defendant possessed a duty (1) to provide the plaintiff a prospectus containing information about the investment and (2) to obtain from the plaintiff's corporate secretary a certificate authorizing the plaintiff's purchase.  However, the defendant neither provided a prospectus nor obtained a certificate.  The plaintiff alleges (1) that the defendant "knew or should have known" that the investment was unsuitable for a 501(c)(3) corporation; (2) that the plaintiff relied on the defendant's assurance that the bonds were a "suitable investment"; (3) that, if the defendant had obtained a certificate from the corporate secretary, the plaintiff's board of directors would have demanded a prospectus and determined that the investment was unsuitable; (4) that the defendant possessed a conflict of interest in "acting both as underwriter and broker in its dealings with the plaintiff with respect to investments in Lehman Brothers"; (5) that the defendant advertised and misrepresented that the defendant maintained insurance through the Securities Investor Protection Corporation on the plaintiff's investment; (6) that, in fact, no insurance covered the plaintiff's loss; and (7) that, because Burr was eighty-eight and represented an organization comprised of elderly people, the defendant's conduct exploited the elderly.

## Discussion

In moving to dismiss, the defendant argues (1) that no cause of action for a "conflict of interest" exists under either federal or state law; (2) that the plaintiff cannot plausibly allege that the defendant advertised the investment as insured against market

risk or loss; (3) that the "misrepresentation" claim fails to comply with Rule 9(b), Federal Rules of Civil Procedure; and (4) that count four fails because Section 825.103 is a criminal statute intended to protect the elderly and the plaintiff lacks standing to assert a claim for exploitation of an elderly person.  In response, the plaintiff argues (Doc. 9) (1) that "the conflict of interest is clear"; (2) that, "[t]he higher the price that [the defendant] would be able to earn from the plaintiff on the sale of [the] bonds[] and the lower the price at which the bonds had been purchased from [Lehman Brothers], the greater the commission that the defendant would earn"; (3) that the defendant owed the plaintiff a fiduciary duty; and (4) that the plaintiff has standing to sue on behalf of the plaintiff's members as determined by Senior Civil Liberties, Inc. v. Kemp, 965 F.2d 1030 (11th Cir. 1992).  Additionally, the plaintiff requests leave to amend count three (the "misrepresentation" claim) to plead with more particularity.

Neither federal nor state law recognizes a "conflict of interest" claim, Bell v. Jenne, 2010 WL 989643, *1 (S.D. Fla. 2010) (Huck, J.), and the plaintiff cites no precedent holding otherwise.  However, the plaintiff appears to argue that the claim alleges a breach of fiduciary, which is cognizable.  Accordingly, the plaintiff may amend count two both to allege a claim for "breach of fiduciary" duty and to provide pertinent factual allegations in support of the claim.  As for count four, the plaintiff correctly notes that the plaintiff has standing to sue on behalf of the plaintiff's elderly members.  See Kemp, 965 F.2d at 1033.  However, Section 825.103, Florida Statutes, is a criminal statute, enforcement of which is vested in the state attorney.  Because the plaintiff identifies no private right of action under Section 825.103, count three fails.

Conclusion

Accordingly, the defendant's motion (Doc. 4) is **GRANTED**, and counts two, three, and four are **DISMISSED**. The plaintiff may file an amended complaint no later than **July 18, 2011**.

ORDERED in Tampa, Florida, on July 7, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE