UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SENIORS CIVIL LIBERTIES ASSOCIATION, INC.
    Plaintiff,

                                      CASE NO.: 8:11-CV-745-T23

vs.

MORGAN STANLEY/SMITH BARNEY, LLC.
    Defendant.
_____/

## SECOND AMENDED COMPLAINT

**COMES NOW** Seniors Civil Liberties Association Inc., plaintiff, by and through its undersigned attorney, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and amends its complaint against Morgan Stanley & Co., Inc., mistakenly denominated Morgan Stanley/Smith Barney, LLC, in the original complaint, and says:

## INTRODUCTORY ALLEGATIONS

    1.    This is an action for damages that exceed $75,000.00.

    2.    This court has jurisdiction because the amount claimed exceeds $75,000.00 and because this is a controversy between citizens of two different states. 28 U.S. Code, Section 1441.

    3.    The plaintiff is a 501(c)(3) non-profit corporation organized and existing under the laws of the State of Florida.

    4.    The defendant, Morgan Stanley & Co., Inc. ("Morgan Stanley"), mistakenly denominated Morgan Stanley/Smith Barney, LLC, in the original complaint, is a corporation organized and existing under the laws of the State of Delaware, and is, and was at all relevant times, engaged in the business of acting as an underwriter raising capital for

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

issuers of stocks and bonds, annuities, etc., and also in the business of acting as a securities brokerage firm.

5. At all times relevant to this action, Morgan Stanley held itself out to the public as a broker experienced in providing advice to investors, and knowledgeable as to the degree of risk of the investments that it may recommend to its customers.

6. The plaintiff, as a 501(c)(3) non-profit corporation, is obligated to make investments only in such securities as would not expose the corporation to an unreasonable risk of loss.

7. At all times relevant hereto, the defendant knew that the plaintiff was a 501(c)(3) corporation, and that as such the plaintiff was obligated to make investments only in such securities as would not expose it to an unreasonable risk of loss.

## COUNT I

## (NEGLIGENCE)

8. The allegations of paragraphs 1 - 7 are incorporated herein and made a part hereof as though more fully set forth herein.

9. In November, 2003 Morgan Stanley was acting as underwriter for Lehman Brothers Holdings Inc., to raise capital for that company, through the sale of a new issue of bonds by Lehman Brothers Holdings Inc., to be sold to investors in the general public.

10. On or about November 12, 2003, Morgan Stanley recommended to the plaintiff that an investment in said new issue of Lehman Brothers Holdings Inc., bonds would be suitable for the plaintiff.

11. Morgan Stanley had a duty, in making such recommendation, to provide the plaintiff with a prospectus, which prospectus would contain information upon which the plaintiff could rely in determining whether or not an investment in such bonds would be a suitable

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

investment for the plaintiff to make.

12. The defendant failed, however, to provide the plaintiff with any prospectus describing the proposed investment.

13. Said investment was not a suitable investment for a 501(c)(3) corporation such as the plaintiff, and exposed the corporation to an unreasonable risk of loss.

14. The defendant knew or should have known that said investment was not a suitable investment for a 501(c)(3) corporation such as the plaintiff.

15. In reliance upon the recommendation of the defendant, and upon the representations the defendant had made to the public with regard to its investment experience and knowledge, and upon the defendant's representation to the plaintiff that the purchase of the Lehman Brothers Holdings bonds would be a suitable investment for the plaintiff to make, the plaintiff accepted the defendant's recommendation and invested the sum of $90,620.00 in the Lehman Brothers Holdings bonds recommended to it by the defendant.

16. Plaintiff would not have made said investment had the defendant not recommended same to it.

17. Subsequently, on September 15, 2008, said Lehman Brothers Holdings, Inc., filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, Chapter 11 Case No.: 08-13555 (JMP).

18. As a result of the defendant's negligence in failing to provide the plaintiff with any prospectus describing the proposed investment, and in recommending to the plaintiff that it invest said sum of $90,620.00 in the Lehman Brothers Holdings bonds recommended to it by the defendant, the plaintiff has lost its entire investment of $90,620.00.

WHEREFORE the plaintiff seeks judgment against the defendant for damages, costs, and trial by jury.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## COUNT II

## (BREACH OF FIDUCIARY DUTY)

19.     The allegations of paragraphs 1 - 7 and 9 -18, are incorporated herein and made a part hereof as though more fully set forth herein.

20.     In January, 2002, the plaintiff opened an account with the defendant, and during the years 2002 and 2003, the plaintiff made a number of purchases and sales of bonds and securities through the office of the defendant, as its broker.

21.     During said period, the plaintiff reposed confidence in the defendant, relying upon the superior knowledge and ability of the defendant in the investment field, and came to depend upon the defendant for investment advice, with the result that a confidential relationship and a fiduciary relationship arose between the parties.

22.     The defendant failed to disclose to the plaintiff that it was the underwriter for the Lehman Brothers Holdings Inc., bonds that it recommended to the plaintiff on or about November 12, 2003.

23.     As underwriter for said Lehman Brothers Holdings Inc., bonds, the defendant, had an interest in promoting the sale of said bonds, as the fees it would generate in the sale of said bonds would depend on the amount of capital raised in that offering.

24.     As a broker, the defendant, Morgan Stanley, had an interest in promoting the sale of said bonds to the plaintiff, as it would earn commissions from the sale of said bonds to the plaintiff.

25.     Said defendant was, therefore, in a conflict of interest position with regard to the sale of said bonds to the plaintiff.

26.     The defendant's recommendation to the plaintiff that it purchase said bonds, without disclosing to the plaintiff that it was the underwriter for said bonds, and without

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

providing the plaintiff with a prospectus, was a breach of the fiduciary duty the defendant owed to the plaintiff and resulted in the damage sustained by the plaintiff in the loss of its entire investment in said bonds.

WHEREFORE the plaintiff seeks judgment against the defendant for damages, costs, and trial by jury.

## COUNT III

### (MISREPRESENTATION)

27. The allegations of paragraphs 1 - 7, 9 -18 and 20 - 26, are incorporated herein and made a part hereof as though more fully set forth herein.

28. Prior to November 12, 2003 the defendant had advertised to the public that all of the investments that its customers make on its recommendation are insured by the Securities Investor Protection Corporation.  (SIPC).

29. Said advertisement was done by means of posting signs in its offices for the public to see, which signs made the statement that all investments that defendant's customers make on its recommendation are insured by the SIPC.

30. Said advertisement was misleading and deceptive in that it led potential customers to believe that any investment loss that they might sustain by making investments on the defendant's recommendation would be insured by SIPC.

31. Said representation was misleading and deceptive, in that the only protection provided by SIPC was for the relief of customers of failing broker dealers with whom the customers had left cash or securities on deposit, and did not provide for recovery of losses that customers might realize by investments purchased in reliance on defendant's recommendations.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

32.     The plaintiff relied upon said representation in making said investment in said bonds.

33.     As a result of said reliance, the defendant was induced to invest in said bonds and was damaged to the extent of the loss of its entire investment in said bonds.

WHEREFORE the plaintiff demands judgment against Morgan Stanley for its damages, costs, and a trial by jury.

## COUNT IV

## (EXPLOITATION OF THE ELDERLY)

34.     The allegations of paragraphs 1 - 7, 9 - 18, 20 - 26, 28 - 33, are incorporated herein and made a part hereof as though more fully set forth herein.

35.     All of the members of the plaintiff corporation were elderly citizens, as the minimum age to be qualified to become a member of the plaintiff corporation was 50 years of age, and most of the members were 65 years of age or older.

36.     In the sale of said bonds to the plaintiff, defendant Morgan Stanley knowingly obtained or used the funds of said corporation with the intent to temporarily or permanently deprive the corporation and, indirectly, the members thereof, of the use, benefit or possession of funds of the corporation.

37.     As a result of said actions of the defendant, the plaintiff sustained damage in the loss of its entire investment in said bonds.

38.     The actions of the defendant constituted exploitation of the elderly in violation of the provisions of Chapter 415 of the Statutes of the State of Florida.

WHEREFORE the plaintiff demands judgment against the defendant for damages, costs, and trial by jury.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and furnished via regular United States Mail to Frederick S. Schrils, Esquire, c/o Gray Robinson, P.A., 201 North Franklin Street, Suite 2200, Tampa, Florida, 33602, on this12th day of July, 2011.

                   /s/ Elihu H. Berman, Esquire
                   Elihu H. Berman, Esquire
                   Elihu H. Berman, P.A.
                   FBN: 0187585
                   509 S. Martin Luther King Jr., Avenue
                   Clearwater, Florida 33756
                   Phone: (727) 465-1977/Fax: (727) 465-9593
                   elihu@verizon.net

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com