UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SENIORS CIVIL LIBERTIES
ASSOCIATION, INC.,

    Plaintiff,

v.                                                                 CASE NO: 8:11-cv-745-T-23TGW

MORGAN STANLEY SMITH BARNEY,
LLC,

    Defendant.

_____/

**ORDER**

    The plaintiff sues (Doc. 1) and alleges negligence, "conflict of interest,"

"misrepresentation," and "exploitation of the elderly." A July 7, 2011, order (Doc. 10)

grants the defendant's motion to dismiss (Doc. 4) counts two, three, and four of the

plaintiff's complaint (Doc. 1). The plaintiff files an amended complaint (Doc. 11) and

alleges negligence, breach of fiduciary duty, "misrepresentation," and "exploitation of

the elderly." The defendant moves (Doc. 12) to dismiss counts three and four, and the

plaintiff responds (Doc. 13) in opposition.

Allegations of the Amended Complaint

    The plaintiff is a tax-exempt, non-profit corporation[1] that invested with the

defendant, a securities broker.  On November 18, 2003, the defendant recommended

as a "suitable" investment the plaintiff's purchasing $90,620.00 in bonds sold by

---

[1] The plaintiff qualifies for tax-exempt status under 26 U.S.C. § 501(c)(3) ("Section 501(c)(3)").

Lehman Brothers Holdings, Inc ("Lehman Brothers").  The plaintiff invested in the bonds.  On September 18, 2008, Lehman Brothers petitioned for bankruptcy, which resulted in the plaintiff's losing $90,620.00.

In counts three and four of the amended complaint (Doc. 11), the plaintiff alleges (1) that by posting signs advertising that the Securities Investor Protection Corporation ("SIPC") insured each investment the defendant engendered the plaintiff's mistaken belief that "any investment loss that [the plaintiff] might sustain by making investments on the defendant's recommendation would be insured by SIPC;" (2) that, in fact, no insurance covered the plaintiff's loss; and (3) that because each member of the plaintiff corporation was fifty or older (and most sixty-five or older) the defendant's conduct exploited the elderly in violation of Chapter 415, Florida Statutes.

### Discussion

No party disputes that the SIPC insures a qualified investor against the loss of a deposit if, due to bankruptcy or other financial difficulty, "<u>a brokerage firm</u> fails owing customers cash and securities that are missing from <u>customer accounts</u>." <u>See</u> Securities Investor Protection Corporation, <u>How SIPC Protects You</u> 2 (2011) (emphasis added). Similarly, no party disputes that the SIPC "does not bail out investors when the value of their stocks, bonds[,] and other investments falls for any reason." <u>See</u> SIPC, <u>supra</u>, at 3. Instead, the SIPC protects investors "whose money, stocks[,] and other securities are stolen by a broker or put at risk when a brokerage fails for other reasons." SIPC, <u>supra</u>, at 3.

- 2 -

In Florida, a claim of negligent misrepresentation requires, in part, a

misrepresentation of material fact, the falsity of which defendant knew or should have

known. Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., 607 F.3d 742, 747 (11th

Cir. 2010). In the motion to dismiss, the defendant argues that the pleading lacks a

plausible, factual allegation of material misrepresentation. In the response to the

defendant's motion to dismiss, the plaintiff contends that, standing alone, the phrase

"insured by the SIPC" deceptively leads an investor to conclude that the SIPC insures

against a loss (attributable to the market) in a bond investment in a brokerage firm in the

same manner the FDIC insures against a loss in a savings account (attributable to bank

failure) in an FDIC-insured bank.[2] However, the amended complaint wholly lacks factual

detail – such as time, place, person, means, and manner – of the alleged

misrepresentation sufficient to permit a determination of whether the plaintiff states a

claim upon which relief can be granted. Hence, without more – i.e., the identification and

context of a statement or conduct by the defendant that caused the plaintiff's mistaken

belief that the SIPC insures against a market loss – the plaintiff alleges only a

conclusion, unsupported by an allegation of fact. Thus, the plaintiff's claim of negligent

misrepresentation fails.

In moving to dismiss count four's "exploitation of the elderly" claim, the defendant

contends that the plaintiff fails to name a "vulnerable adult" under the statute. Section

45.1111, Florida Statutes, provides that a "vulnerable adult who has

been . . . exploited . . . has a cause of action against any perpetrator." The statute

---

[2] In contrast to the SIPC, the Federal Deposit Insurance Corporation ("FDIC") insures a depositor
against loss, limited to a prescribed dollar amount. SIPC, supra, at 3.

allows an action to "be brought by [a] vulnerable adult, or that person's guardian, [or] by a person or organization acting on behalf of the vulnerable adult with the consent of that person or that person's guardian." Thus, the statute allows suit from only (1) a vulnerable adult, (2) a guardian of a vulnerable adult, or (3) a next friend or organization acting on behalf, and with consent, of a vulnerable adult.

The plaintiff corporation alleges neither that it proceeds on behalf, or as a guardian, of a vulnerable adult. Instead, the corporation proceeds on its own behalf (to recover damages sustained to its own treasury). As a result, the corporation must qualify as a vulnerable adult.

Section 45.102(27), Florida Statutes, defines a "vulnerable adult" as a "person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging." Although a corporation often enjoys the legal privileges of a "person," a corporation is incapable of performing "the normal activities of daily living" or suffering an impairment such as brain damage or an infirmity of aging. Thus, a corporation cannot qualify as a "vulnerable adult" under Section 415.102(27) and the "exploitation of the elderly" claim fails.[3]

---

[3] Although a member of a non-profit corporation may properly qualify as a "vulnerable adult," a member's qualification fails to impute "vulnerable adult" status on the corporate entity. See, e.g., Am. States Ins. Co. v. Kelley, 446 So.2d 1085, 1086 (Fla. 4th DCA 1984) ("Corporations are legal entities separate and distinct from the persons comprising them."). Also, if the plaintiff were to plead that the corporation sues on behalf of a member who qualifies as a vulnerable adult, the plaintiff must properly plead the status of "vulnerable adult" by specifically identifying an impairment detailed by the statute. See Fla. Stat. § 45.102(27).

<u>Conclusion</u>

The defendant's motion to dismiss is **GRANTED** and counts three and four are

**DISMISSED WITHOUT PREJUDICE**. The plaintiff may file an amended complaint no

later than **SEPTEMBER 9, 2011**.

ORDERED in Tampa, Florida, on August 31, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE